```
01
02
03
04
05
06
07
08                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
09                                   AT SEATTLE
```

| | | |
|---|---|---|
| 10 | GARY LYNN PARKS, ) | CASE NO. C04-2304-MAT |
| 11 | Plaintiff, ) | |
| 12 | v. ) | ORDER AFFIRMING COMMISSIONER |
| 13 | JO ANNE B. BARNHART, Commissioner of Social Security, ) | |
| 14 | Defendant. ) | |
| 15 | _____ ) | |

16   Plaintiff Gary Lynn Parks proceeds through counsel in his appeal of a final decision of the

17 Commissioner of the Social Security Administration (Commissioner). The Commissioner denied

18 plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance (DI)

19 benefits after a hearing before an Administrative Law Judge (ALJ).

20   Having considered the ALJ's decision, the administrative record (AR), and all memoranda

21 of record, the Commissioner is hereby AFFIRMED.

22                          **FACTS AND PROCEDURAL HISTORY**

23   Plaintiff was born on XXXX, 1951.[1] He has a high school equivalency degree and

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER AFFIRMING COMMISSIONER
PAGE -1

previously worked as an auto estimator, engineer, security guard, electronics technician, wire designer, application technologist, customer service representative, apartment manager, apartment maintenance worker, and secretary.

Plaintiff filed an application for SSI and DI benefits on February 27, 2002, alleging a disability onset date of October 29, 2000 due to gender identity disorder, depression, anxiety, attention deficit and hyperactivity disorder, memory loss, headaches, and back injury. His application was denied initially and upon reconsideration. Plaintiff timely requested a hearing.

ALJ Basil L. Blair held a hearing on April 1, 2004. (AR 469-529.) He heard testimony from plaintiff and vocational expert Sharon Princer. On May 27, 2004, ALJ Blair issued a decision denying plaintiff's application for SSI and DI benefits. (AR 16-25.)

Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to review the claim. (AR 7-9.) Plaintiff appealed this final decision of the Commissioner to this Court. The Court heard oral argument in this matter on July 11, 2005.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's affective disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that plaintiff could perform his past

relevant work as a security guard, apartment maintenance worker, or apartment manager. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found plaintiff capable of performing past relevant work, he did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and his findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to give sufficient weight to the opinions of treating physician Larry Jennings, M.D., and treating physician's assistant Ronald Wagner, PA-C. Plaintiff further asserts that his affective disorder meets or equals a listing and that consideration of his mental and physical impairments together leads to the conclusion that he is disabled. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and free of legal error. For the reasons described below, the Court agrees with the Commissioner.

<u>Opinions of Physicians and Other Treating Sources</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without

"'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). *See also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (opinions of specialists given more weight than non-specialists). Where the opinion of the treating physician is contradicted, and the non-treating physician's opinion is based on independent clinical findings that differ from those of the treating physician, the opinion of the non-treating physician may itself constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). It is the sole province of the ALJ to resolve this conflict. *Id.*

The ALJ may accord the opinions of "other sources," such as physicians assistants or nurse practitioners, less weight than opinions from "acceptable medical sources," such as physicians and licensed psychologists. *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) (citing 20 C.F.R. §§ 404.1513, 416.913, 404.1527 and 416.927). The opinions of other sources are given the weight of lay evidence. The Ninth Circuit has held that "lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

As noted above, plaintiff argues that the ALJ failed to give sufficient weight to the opinions of treating physician Dr. Jennings and treating physician's assistant Wagner. In considering the opinions of these medical providers the ALJ found as follows:

> The undersigned gives no controlling weight to the opinions of Dr. Jennings in exhibit 24F or Mr. Wagner, a physician's assistant in exhibits 27F. Their opinions that the claimant is capable of less than light or sedentary exertional work are not supported by the objective evidence of record. The opinions expressed are quite conclusory, providing very little explanation of the evidence relied on in forming those opinions. The doctor's opinions are also without substantial support from the other evidence of record, which obviously renders them less persuasive.

(AR 22.) For the reasons described below, the Court finds the ALJ's determination as to the proper weight to be afforded the opinions of these medical providers supported by substantial evidence.

ORDER AFFIRMING COMMISSIONER
PAGE -4

The ALJ needed only to provide germane reasons for the rejection of Mr. Wagner's opinions. The above-described reasons clearly satisfy that standard.[2]

Moreover, the same reasons also support the rejection of Dr. Jennings' opinions. Counsel for the Commissioner noted in oral argument that Dr. Jennings' conclusions were contradicted by the state agency reviewing physician (AR 269-72) and examining physician Dr. Dan Pham (AR 281-83.) As noted by plaintiff's counsel, these physicians rendered their opinions in 2002, two years prior to Dr. Jennings' 2004 report. However, even construing Dr. Jennings' opinions as uncontradicted, the ALJ provided clear and convincing reasons for not giving those opinions controlling weight. The ALJ's detailed review of the record supports his conclusion that Dr. Jennings' opinions were not supported by the objective evidence of record. ( *See* AR 18-23.) Additionally, the ALJ appropriately and accurately noted the conclusory nature of Dr. Jennings' opinions. Although, as indicated by plaintiff, the record also contains Dr. Jennings' notes (AR 295-314), those notes do little to elucidate the foundation for the conclusions in Dr. Jennings' 2004 report. For instance, the statement "Disabled LBP & Depression" on a May 28, 2003 progress note (AR 296), as pointed to by plaintiff, does not detract from the ALJ's determination that Dr. Jennings' opinions were conclusory.

<u>Listing 12.04 and Consideration of Plaintiff's Impairments as a Whole</u>

Plaintiff also alleges that his affective disorder meets or equals a listing, and that consideration of his mental and physical impairments together leads to the conclusion that he is disabled. However, as discussed below, these arguments lack merit.

Although discussing the "A" criteria of Listing 12.04 (Affective Disorders), plaintiff fails to support the contention that his symptoms resulted in marked limitations under that Listing's "B" criteria. Indeed, while pointing to the opinions of Brent Chilcote, M.A., and examining

---

[2] In oral argument, plaintiff's counsel contended that Mr. Wagner worked as a part of a team with a supervising physician. However, references to the record failed to sufficiently support such a contention.

ORDER AFFIRMING COMMISSIONER
PAGE -5

psychologist Alan R. Breen, Ph.D., as supportive of such a conclusion, plaintiff's counsel conceded in oral argument that none of the medical providers specifically determined the existence of marked restrictions.

Likewise, plaintiff's argument as to the consideration of his mental and physical impairments together fails. In arguing this point, plaintiff makes note of his various impairments, and states that the ALJ made no mention of the combined effect of his mental and physical limitations. However, although the ALJ did not explicitly state that plaintiff's mental and physical limitations, considered together, did not suffice to establish disability, he appropriately considered all of plaintiff's impairments in rendering his decision at steps three and four:

> The medical evidence indicates that the claimant has affective disorder, an impairment that is "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. There is no other subsequent medical opinion in the record stating that the claimant meets or medically equals a listed impairment (Social Security Ruling 96-6p). Based upon the uncontradicted opinion of the State Agency psychologists and physicians, the [ALJ] finds that the claimant's impairments do not meet or medically equal any listed impairments of Appendix 1, Subpart P, Regulations No.4.
>
> Social Security Rulings (SSR) 96-3p and 85-28 provide that an impairment is not severe if it has no more than a minimal effect on the individual's ability to work. SSR 96-7P provides that it must first be considered whether the individual has a medically determinable physical or mental impairment(s) and that if the record establishes that the individual has a medically determinable physical or mental impairment(s), the individual's allegations of pain and other symptoms must then be evaluated to determine the extent to which the symptoms limit the individual's ability to do basic work activity.
>
> The claimant also alleged disability due to back surgery, heart attack, chronic obstructive pulmonary disease, arthritis, gastroesophageal reflux disease, legs, 20 percent hearing loss in left ear, and a 70 to 80 percent hearing loss in his right ear. The claimant had back surgery in 1984 and has worked many jobs since then. He underwent an angioplasty in September 2000 and has not hospitalization [stet] or treatment for his heart since then. The COPD was only diagnosed four months ago, and the osteoarthritis was just diagnosed last week. The GERD was diagnosed in 2000 and this appears to be controlled with medications. Regarding his leg and knee pain, he is not getting any treatment and no diagnosis has been made. The claimant also has a hearing loss but this does not appear to limit his ability to work. There are no treatment notes that indicate the claimant had any problems hearing his physician. The undersigned finds that these impairments do not significantly limit his physical ability to perform basic work activities. Consequently, it must be found that these are not severe impairments.

> . . .
>
> In making this [RFC] assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and [SSR] 96-7p. The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairment and resulting limitations (20 CFR §§ 404.1527 and 416.927 and [SSR] 96-2p and 96-6p).

(AR 21-22.) The Court, therefore, finds no error in the ALJ's consideration of plaintiff's various impairments.

### Credibility

Plaintiff did not raise an argument with respect to credibility. However, during oral argument, the Court questioned whether the ALJ had addressed plaintiff's testimony as to his physical impairments. Further review of the ALJ's credibility assessment confirms its focus on plaintiff's mental impairments. (*See* AR 22-23.) However, although discussed within the context of plaintiff's mental impairments, the ALJ did note plaintiff's testimony that he could "cook, clean, shop, do laundry, and vacuum." (AR 23 and 496-97.) This testimony occurred during a lengthy discussion in the hearing regarding plaintiff's physical capabilities. (AR 489-97.) Accordingly, while it would have been preferable for the ALJ to more explicitly address plaintiff's testimony as to his physical impairments, the Court finds the inclusion of this information to indicate a more general consideration of plaintiff's testimony as a whole. Moreover, the Court also finds relevant the fact that, as evidenced in the portion of the ALJ's decision excerpted above, the ALJ had previously determined that none of plaintiff's physical impairments were severe. As such, the Court finds the ALJ's credibility assessment supported by substantial evidence.[3]

---

[3] The Court also noted during oral argument that the testimony of the vocational expert appeared to rule out plaintiff's ability to perform his past relevant work as an apartment manager. (*See* AR 521-22.) However, as noted by counsel for the Commissioner, this would still leave the finding that plaintiff could perform two of his other past jobs. (*See* AR 24.)

ORDER AFFIRMING COMMISSIONER
PAGE -7

## **CONCLUSION**

The Court finds the ALJ's decision supported by substantial evidence in the record as a whole. *See Penny*, 2 F.3d at 956. Accordingly, the Commissioner's decision in this case is AFFIRMED.

DATED this  5th  day of August, 2005.

Mary Alice Theiler
United States Magistrate Judge